## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 08 2017, 7:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James F. Gibbons, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 8, 2017<br><br>Court of Appeals Case No.<br>08A05-1703-CR-546<br><br>Appeal from the Carroll Circuit Court<br><br>The Honorable Benjamin A. Diener, Judge<br><br>Trial Court Cause No.<br>08C01-1506-F5-7 |

**Crone, Judge.**

## Case Summary

[1] James F. Gibbons, Jr., appeals his conviction, following a jury trial, for level 5 felony operating a vehicle while privileges are forfeited for life. He contends that the State presented insufficient evidence to support his conviction. Finding the evidence sufficient, we affirm.

## Facts and Procedural History

[2] On June 17, 2015, Ross Egelhoff witnessed Gibbons, someone he has known for almost thirty years, operate a vehicle. Specifically, around noon that day, Egelhoff was driving to lunch when he passed Gibbons driving his black Jeep Cherokee in the opposite direction. The two men pulled their vehicles over and spoke for about five minutes. No other person was in Gibbons's vehicle. Then, at 2:00 p.m., Gibbons drove to Ross's home to visit. Egelhoff observed Gibbons drive up his driveway in the Jeep. Again, no other person was in the vehicle. It is undisputed that on that date, Gibbon's driving privileges had been forfeited for life.

[3] Gibbons stayed at Egelhoff's for several hours and was drinking alcohol. Egelhoff began feeling uncomfortable because he thought the situation was getting "out of control" and that Gibbons had "had enough to drink." Tr. Vol. 2 at 23, 28. Egelhoff decided to call the police. Carroll County Sheriff's Office Deputy Spencer Kingery responded to the dispatch regarding "an unwanted guest" at Egelhoff's residence. *Id*. at 9. The dispatch operator advised Deputy Kingery that the subject was a habitual traffic violator and possibly intoxicated.

When Deputy Kingery arrived, Gibbons was inside his Jeep in Egelhoff's driveway. Deputy Kingery observed that Gibbons was "either passed out or asleep in the driver's seat kind of leaning over toward the passenger seat." *Id*. at 12. Deputy Kingery spoke to Egelhoff and learned that Gibbons was "not wanted [on Egelhoff's property] at that time." *Id*. Deputy Kingery then attempted to talk to Gibbons and knocked on the vehicle door several times. The deputy eventually had to reach in the vehicle and shake Gibbons by the shoulder in an attempt to rouse him. Gibbons responded with "a bunch of mumbling" and was "kind of incoherent." *Id*. at 13. Deputy Kingery observed that the keys were in the Jeep's ignition, but the vehicle was not running. After doing a check on the expired license plate on the Jeep, and speaking further to Egelhoff about the events of the day, Deputy Kingery arrested Gibbons.

[4] The State charged Gibbons with level 5 felony operating a vehicle while privileges are forfeited for life. Following trial, the jury found Gibbons guilty as charged. The trial court imposed a four-year sentence. This appeal ensued.

## Discussion and Decision

[5] Gibbons contends that the State presented insufficient evidence to support his conviction. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We look to the evidence and reasonable inferences drawn therefrom that support the conviction, and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant

guilty beyond a reasonable doubt. *Id.* In short, if the testimony believed by the trier of fact is enough to support the conviction, then the reviewing court will not disturb it. *Id.* at 500.

[6] To prove that Gibbons committed level 5 felony operating a vehicle while privileges are suspended for life, the State was required to prove that Gibbons (1) operated a motor vehicle; (2) while his driving privileges were forfeited for life. *See* Ind. Code § 9-30-10-17; *Brock v. State*, 955 N.E.2d 195, 204 (Ind. 2011), *cert. denied* (2012). The parties here agreed at trial that on June 17, 2015, Gibbons's driving privileges had been forfeited for life. State's Ex. 1. Thus, the only issue was whether Gibbons operated a motor vehicle on that date.

[7] Egelhoff testified unequivocally that he observed Gibbons operate a motor vehicle twice on June 17, 2015. He observed Gibbons driving once around noon, and again at 2:00 p.m. This testimony alone was sufficient to support the jury's verdict. *See Sallee v. State*, 51 N.E.3d 130, 135 (Ind. 2016) (conviction can be sustained on the testimony of a single witness, even where the evidence is uncorroborated). Moreover, while we need not go into detail, the State presented additional evidence which supported a reasonable inference that Gibbons operated a motor vehicle on June 17, 2015. *See* Tr. Vol. 2 at 67-72. Gibbons simply points to his own self-serving testimony and requests that we reweigh the evidence and reassess witness credibility in his favor. However, this is not a task within our prerogative on appeal. The State presented sufficient evidence to support Gibbons's conviction for level 5 felony operating

a motor vehicle while privileges are forfeited for life. Therefore, we affirm the conviction.

[8]     Affirmed.

Vaidik, C.J., and Mathias, J., concur.